UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ANTOINETTE S. DAVIS,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11cv0901 TCM |
| **STATE OF MISSOURI, as and by the DIVISION OF FAMILY SUPPORT,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This employment discrimination action is before the Court[1] on the opposed motion of the State of Missouri, as and by the Division of Family Support (Missouri), to dismiss the claims of Antoinette S. Davis (Davis) for money damages under the American with Disabilities Act (ADA), 42 U.S.C. § 12101-12213.  [Doc. 13]

Davis alleges in her complaint[2] that she worked as a clerical supervisor for Defendant from 2006 to January 27, 2011.  (Compl. ¶¶ 2, 4.)  From approximately March 2010 to January 27, 2011, she was discriminated against because of her race, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e through 2000e-17, and her disability, in violation of the ADA, and in retaliation for her complaints of discrimination.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

[2]Davis initiated this action pro se; counsel has since entered his appearance on her behalf and filed a memorandum in opposition to the motion to dismiss.

(Id. ¶ 8.) As relief for such acts, Plaintiff request monetary damages and reinstatement. (Id. at 8.)

Missouri argues that the ADA claims against it for monetary damages should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it is entitled to Eleventh Amendment immunity. Davis disagrees.

"Sovereign immunity is a jurisdictional doctrine" and is properly raised in a Rule 12(b)(1) motion for dismissal for lack of subject matter jurisdiction. **Brown v. United States**, 151 F.3d 800, 804 (8th Cir. 1998); accord **Hagen v. Sisseton-Wahpeton Cmty. Coll.**, 205 F.3d 1040, 1043 (8th Cir. 2000). The Supreme Court has ruled that a state is immune from suit under Title 1 of the ADA unless it waives its sovereign immunity. **Faibisch v. Univ. of Minn.**, 304 F.3d 797, 800 (8th Cir. 2002) (citing Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001)). Cf. **Tennessee v. Lane**, 541 U.S. 509 (2004) (holding that Title II of the ADA – prohibiting discrimination in access to or participation in services, programs, or activities of a public entity – was a valid abrogation of sovereign immunity). "Title I of the ADA bars employers from discriminating 'against a qualified individual on the basis of disability in regard to . . . discharge of employees, . . . and other terms, conditions, and privileges of employment.'" **Peyton v. Fred's Stores of Arkansas, Inc.**, 561 F.3d 900, 902 (8th Cir. 2009) (quoting 42 U.S.C. § 12112(a)). Clearly, Plaintiff brings her ADA claims under Title I. The only question then is whether Missouri has waived its sovereign immunity. It has not. See **Morr v. Mo. Dep't of Mental Health**, No.

4:08cv0359 RWS, 2009 WL 1140108, *4 (E.D. Mo. Apr. 28, 2009); **Grothoff v. Nixon**, No. 04-4290-CV-C-WAK, 2007 WL 2693835, *2 (W.D. Mo. Sept. 10, 2007).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of the State of Missouri for partial dismissal of Plaintiff's ADA claims under Title I for money damages is **GRANTED**. [Doc. 13]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of October, 2011.